Commonwealth *v.* Swierczewski, Appellant.

Argued March 20, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James M. Potter,* for appellant.

*Arthur Ed. Saylor,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 11, 1969:

At a jury trial in September 1967 appellant Stanley Swierczewski was convicted of establishing a gambling place, traffic in lottery tickets, bookmaking and being concerned in a lottery. Appellant was arrested in February 1967 following a search of his residence and seizure of evidence subsequently used at his trial. Appellant filed a timely motion to suppress the seized

evidence and for return of property which was dismissed by the court below.

The primary question presented is whether the affidavit in support of the search warrant used to seize the evidence at appellant's residence was sufficient for the magistrate to find probable cause for the issuance of the warrant. The pertinent portion of the affidavit provides: "That on information received from a confidential police informant, used in past & proven to be reliable, trustworthy citizen: County Detectives Office—City Police Vice Squad & State Police, from observation by State Police—City Police & County Detectives: from September 30, 1966 to February 27, 1967, and upon personal investigation by affiant conducted from Sept. 15, 1966 to February 27, 1967, the entire building and all dwellings . . . is being used for the purpose of concealing number plays, Horse Bets & Associated Gambling Paraphernalia . . . ."

This court has repeatedly held that a search warrant may not constitutionally issue upon an affidavit which fails to set forth substantiating facts and circumstances from which the magistrate might make an independent and detached appraisal of the probability that a crime had been or was being committed. *Commonwealth v. Smyser*, 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965); *Commonwealth v. Alvarez*, 208 Pa. Superior Ct. 371, 222 A. 2d 406 (1966); *Commonwealth v. Bondi*, 211 Pa. Superior Ct. 23, 234 A. 2d 191 (1967).

The affidavit in the instant case fails to provide any facts upon which the issuing magistrate could make an independent determination. The affidavit makes no mention of the nature of the information received from the confidential informant or uncovered by police investigation. As Judge JACOBS stated in *Commonwealth v. Alvarez, supra*, 208 Pa. Superior Ct. at

374, "The sole basis for the magistrate's decision was the police officer's conclusions. Nothing was revealed to the magistrate concerning either the information received from the informer or the facts observed during the surveillance. Such a procedure, in which a magistrate accepts an affiant's conclusions and 'rubber-stamps' a search warrant, is not constitutionally permissible."

Moreover, any remaining doubt as to the unconstitutionality of a warrant issued upon the affidavit in the instant case is dispelled by the decision of the United States Supreme Court in *Spinelli v. United States*, 393 U.S. 410, 37 L.W. 4110 (1969). In *Spinelli*, the affidavit stated, in brief, that a reliable confidential informant reported to the F.B.I. that Spinelli was operating a handbook by means of two telephones having the numbers WYdown 40029 and WYdown 40136. The affidavit further stated that on several occasions the F.B.I. had seen Spinelli entering and leaving a certain apartment known to the F.B.I. to contain two telephones carrying the aforementioned numbers. The court held that as the affidavit failed to provide a statement of the underlying circumstances from which the confidential informant concluded that Spinelli was running a bookmaking operation, no warrant to search the apartment could issue unless the affidavit set forth corroborating facts obtained by independent police investigation sufficient to permit the conclusion that the tip was accurate and that a crime was probably being committed. The Court then held that as the F.B.I. surveillance failed to uncover any suggestion of criminal conduct, the informant's tip was not sufficiently corroborated for a warrant to issue.

In the instant case, the affidavit unquestionably fails to provide any of the underlying circumstances from which the informant concluded appellant was en-

gaged in bookmaking and numbers operations. As the affidavit also fails to state *any* corroborating facts discovered by police investigation, *Spinelli* mandates a holding that the warrant was unconstitutionally issued.

Appellant also urges that the trial court erred in denying defense counsel access to a police report for use in cross-examination. The report in question was prepared by State Police Corporal Donald Holloway, the officer supervising the search and arrest of appellant. The District Attorney acknowledged at trial that it contained, *inter alia,* information pertaining to the search and arrest of appellant.

Three State Police officers participating in the search, Corporals Holloway and Garron, and Trooper Kaunert, testified as witnesses for the Commonwealth. Holloway acknowledged preparing the report in question. Officers Garron and Kaunert indicated that they had reported their activities during the search to Holloway prior to its preparation.

At the close of the direct testimony of each of these officers, defense counsel requested access to the police report for the purpose of cross-examining the witnesses. The District Attorney, in opposition to the request, argued that access would result in disclosure of confidential informants. However, defense counsel limited the requests to portions of the report containing prior statements of the witnesses touching upon matters raised on direct examination. Counsel expressly disavowed interest in access to portions pertaining to confidential matters.

This case is governed by *Commonwealth v. Smith,* 417 Pa. 321, 208 A. 2d 219 (1965) and *Commonwealth v. Kubacki,* 208 Pa. Superior Ct. 523, 224 A. 2d 80 (1966), which held that defense counsel is entitled to access to prior statements by Commonwealth witnesses to investigative officers.

The court below sought to distinguish *Smith* and *Kubacki*: "We think there is a real difference between the prior statements of non-police witnesses . . . and the confidential in-course-of-duty reports of police officers. Confidential police reports often contain references to suspects not yet arrested and to information irrelevant or immaterial to the case at bar but possibly vital to a yet untried prosecution, the revealing of which could impede or destroy such other case."

The considerations advanced by the court below are not apposite in the instant case. Counsel's request for access was limited to portions of the report containing prior statements relating to the search and arrest. As he did not seek access to confidential or irrelevant information in the report, the danger of disclosure which the court below found to justify denial of access was not present. Moreover, defense access is subject to the control of the trial court, which must review the requested documents and may permit access only to those portions relevant to matters raised in direct examination. This procedure permits judicial consideration of the Commonwealth's interest in protecting confidential information. "Although the transcript before us contains much that may not be relevant to the present issue and some of which *may* be considered confidential, the control of such documents is in the hands of trial court which may in its discretion provide adequate safeguards for the protection of the Commonwealth as well as the maker of the statement against unwarranted use of the material therein." *Commonwealth v. Kubacki, supra,* 208 Pa. Superior Ct. at 539. (Emphasis original.)

It was error for the court below to deny access without examining the report and determining that it did not contain prior relevant statements of the three witnesses.

The judgment of sentence is vacated and a new trial is granted.

WRIGHT, P. J., and WATKINS, J., would affirm the order of the court below.