Commonwealth *v.* Jainlett et al., Appellants.

Argued September 21, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Mark Schaffer,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellants.

*Milton M. Stein,* Assistant District Attorney, with him *T. Michael Mather,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Judgments of sentence affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:
Appellants were tried before a jury on indictments charging aggravated robbery, assault and battery with intent to murder and burglary. During the trial appellant Jainlett took the stand in his own defense and presented the alibi that during the period when the

crime in question took place he had been at his sister's house. For the purpose of rebuttal the Commonwealth presented a detective who had interrogated this appellant soon after he was arrested. The detective testified with the aid of his rough notes and "52" summary report that appellant had told him that he was at his girlfriend's house during the relevant period.

During cross-examination of the detective, defense counsel attempted to point out inconsistencies and deletions between the rough notes and the submitted report. To dispel any inference of inconsistency, on redirect examination the prosecutor asked the detective to explain the relationship between the rough notes and the "49". The detective explained that the report at issue was a "52" and that the "49" was the report of the original investigation prior to arrest. On recross-examination defense counsel established that the "49" was available and asked to see it. This request was objected to and the objection sustained. An exception was taken.

Appellants were convicted of burglary and aggravated assault and battery. From judgment of sentence this appeal followed.

The question here is whether defense counsel has a right to see a readily available police report, for the purposes of cross-examination of an officer, where that report was prepared by the officer and is thought to contain prior statements of the officer on the subject about which he has just testified. *Commonwealth v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965) and *Commonwealth v. Kubacki*, 208 Pa. Superior Ct. 523, 224 A. 2d 80 (1966), clearly established the law in Pennsylvania that defense counsel are entitled to access to prior statements made by Commonwealth witnesses to investigative officers. This principle was reaffirmed in *Commonwealth v. Swierczewski*, 215 Pa. Superior Ct.

130, 257 A. 2d 336 (1969). In that case the lower court denied a defense request to see a report made by the supervising officer because the report might contain confidential information immaterial to the case at bar yet vital to untried prosecutions. This Court rejected that argument because "defense access is subject to the control of the trial court, which must review the requested documents and may permit access only to those portions relevant to matters raised in direct examination. This procedure permits judicial consideration of the Commonwealth's interest in protecting confidential information." Id. at 135, 257 A. 2d at 339.

The Commonwealth argues that the "49" was totally irrelevant to the issues raised on direct examination, and thus "[t]here was no reason for defense counsel to review the '49'. It was prepared prior to the arrest of defendant and could contain nothing whatever regarding any statement made by Jainlett which was the entire issue of [the detective's] rebuttal testimony." However, we have only the district attorney's opinion that the "49" was irrelevant to the issues brought out on rebuttal. Defense counsel and the trial judge may have been able to discern a more significant connection. Since the "49" was admittedly available, the Commonwealth should have submitted the report to the judge so that he could independently decide the basic issue of relevance. This procedure would protect the Commonwealth's interest in preserving confidential information while insuring defendant's right of access to all available, relevant material necessary for the defense.

If the information allegedly contained in the "49" was crucial to appellant's case and would have been a significant factor influencing the jury, a new trial should be required. However, since the detective's testimony was offered only in rebuttal as to appellant

Jainlett's credibility, and the Commonwealth presented positive eyewitness identification by the victim and her son, I am convinced that the error below was harmless. Therefore, I would affirm the judgment of sentence.

SPAULDING and CERCONE, JJ., join in this concurring opinion.