Commonwealth *v.* Morris, Appellant.

Submitted April 29, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Michael J. Dowd,* Assistant Defender, for appellant.

*Maurice L. Epstein,* District Attorney, for Commonwealth, appellee.

OPINION BY JUSTICE JONES, October 12, 1971:

Appellant was found guilty by a jury of forcible rape. Following disposition of post-trial motions, he was sentenced to a term of five to fifteen years. That judgment of sentence was unanimously affirmed per curiam by the Superior Court. *Com. v. Morris,* 217 Pa. Superior Ct. 762, 268 A. 2d 185 (1970). We granted allocatur to consider one narrow issue: whether the trial court erred by not allowing appellant to examine

at trial, for purposes of cross-examination, certain verbatim notes relative to the crime made by a State Trooper while in conference with the victim.

One day after the commission of the crime, the victim was interviewed by a state trooper. Defense counsel's request to inspect these notes, made at the beginning of cross-examination of the victim was denied by the trial judge for the reason that there was no "statement", only notes by the trooper. Although the victim neither signed nor read the trooper's notes, she did testify, "[h]e took down every word I said." Perhaps due to this ruling, the trooper was not cross-examined about his report.

If we conclude that this report constitutes a statement by the victim, *Com. v. Kontos*, 442 Pa. 343, 276 A. 2d 830 (1971), mandates a reversal. Notwithstanding Pa. R. Crim. P. 310, we unequivocally held in *Kontos* that relevant, pre-trial statements of witnesses in the possession of the Commonwealth must be made available to the accused, upon request, during the trial. The pivotal question, in our view, is whether the verbatim notes made by the trooper should have been made available for defense inspection during the trial. As in *Kontos*, we have no occasion to consider the related question whether such notes should be discoverable prior to trial since no request was made.

Relying on our decision in *Com. v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965), the Superior Court in *Com. v. Kubacki*, 208 Pa. Superior Ct. 523, 224 A. 2d 80 (1966), concluded that a transcript of a tape-recorded interview between a witness and police investigators should have been made available for defense inspection. Further, the Superior Court ruled in *Com. v. Swierczewski*, 215 Pa. Superior Ct. 130, 257 A. 2d 336 (1969), that it was error to deny inspection of a police report prepared in the course of duty by an investigating police officer from statements made by other police

officers. *See, also, Com. v. Jainlett,* 217 Pa. Superior Ct. 406, 407-410, 271 A. 2d 886, 887-88 (1970) (concurring opinion).

The Commonwealth cites *United States ex rel. Felton v. Rundle,* 410 F. 2d 1300 (3d Cir. 1969), *cert. denied,* 397 U.S. 993 (1970), in support of its contention that the trial judge did not err in refusing defense counsel's request. In *Felton* an investigating officer prepared a report from an interview with a witness which was not signed by that witness. Defense counsel requested permission to inspect that report during cross-examination of that witness. Although the motion was denied, the court carefully instructed counsel that this request could be renewed during cross-examination of the officer. The court also indicated that the witness could be recalled for further cross-examination if necessary. However, counsel did not follow this path and the Third Circuit concluded the court did not err in denying immediate access to the report. In the instant appeal, counsel's request was flatly denied and unaccompanied by any suggestion that the matter could be reconsidered when the trooper took the stand. For this reason, we deem *Felton* to be inapposite.

Although we doubted the "discoverability" of an assistant district attorney's memorandum concerning an interview with a witness in *Com. v. Collins,* 440 Pa. 368, 373, 269 A. 2d 882, 885 (1970), that decision principally turned upon the tardiness of counsel's request and the scribbled nature of the notes.

The judgment of the Superior Court and the judgment of sentence imposed by the Court of Common Pleas of Bradford County are reversed and a new trial is granted.