Commonwealth *v.* Hunt et al., Appellants.

*Joseph Michael Smith*, with him *F. Emmett Fitzpatrick, Jr.*, and *Fitzpatrick & Smith*, for appellant.

*Vram Nedurian, Jr.*, Assistant District Attorney, with him *Ralph B. D'Iorio*, Assistant District Attorney, and *Stephen J. McEwen, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

The question in this appeal is whether the trial court erred in denying appellants access to certain pre-trial statements and records in the possession of the Commonwealth.

Appellants were charged with conspiracy to commit a burglary and burglary of a liquor store in Chester. Appellants were brought to trial before the Honorable Louis A. BLOOM and a jury on October 18, 1971, after two previous trials had resulted in hung juries. On October 22, 1971, the jury returned a verdict of guilty on both indictments. From the denial of post-trial motions and imposition of sentence, this appeal followed.

At trial, Robert and Alphonso Johnson, alleged co-felons in the burglary, testified concerning certain plans made for the burglary involving the appellants herein. It was disclosed during cross-examination of the Johnson brothers that lengthy statements had been given to the Delaware County investigating officers after their arrest, and that although only one statement had been signed, both were transcribed by a court reporter and reduced to writing. Furthermore, defense counsel was informed that Alphonso Johnson, while in prison, had written a letter to his attorney, implicating appellants in the crime. The documents were in the

possession of the Commonwealth during the course of the trial. Despite defense counsel's requests to order the production of these full statements, the Court sustained Commonwealth's objections thereto. The lower court did not read or review the statements itself, but permitted the Commonwealth to show counsel what it considered to be the relevant portions of those statements.

The request by defense counsel to examine the *full* statements of Commonwealth witnesses, seriously implicating appellants in the crime, was a valid one for the purpose of testing the credibility of said witnesses. This issue is governed by a host of cases in the Commonwealth which hold that defense counsel is entitled to access to prior statements by Commonwealth witnesses made to investigating officers. See, *Commonwealth v. Morris,* 444 Pa. 364, 281 A. 2d 851 (1971); *Commonwealth v. Kontos,* 442 Pa. 343, 276 A. 2d 830 (1971). As our Supreme Court said in *Morris,* supra at p. 366-367, "Notwithstanding Pa. R. Crim. P. 310, we unequivocally held in Kontos that relevant, pretrial statements of witnesses in the possession of the Commonwealth must be made available to the accused, upon request, during the trial. . . . Relying on our decision in Com. v. Smith, 417 Pa. 321, 208 A. 2d 219 (1965), the Superior Court in Com. v. Kubacki, 208 Pa. Superior Ct. 523, 224 A. 2d 80 (1966), concluded that a transcript of a tape-recorded interview between a witness and police investigators should have been made available for defense inspection. Further, the Superior Court ruled in Com. v. Swierczewski, 215 Pa. Superior Ct. 130, 257 A. 2d 336 (1969), that it was error to deny inspection of a police report prepared in the course of duty by an investigating officer from statements made by other police officers. See, also, Com. v. Jainlett, 217 Pa. Superior Ct. 406, 407-410, 271 A. 2d 886, 887-88 (1970) (concurring opinion)."

Appellee argues that the cases do not require a prosecuting attorney to disclose statements relating to ongoing investigations or unrelated, irrelevant facts to the instant matter. This is true. This, however, does not relieve the Commonwealth of producing the entire document for the Court's examination to make its own determination of the relevancy of all portions of the statement. As Judge SPAULDING stated in *Commonwealth v. Swierczewski,* supra at p. 135, ". . . defense access is subject to the control of the trial court, which must review the requested documents and may permit access only to those portions relevant to matters raised in direct examination. This procedure permits judicial consideration of the Commonwealth's interest in protecting confidential information. . . . It was error for the court below to deny access without examining the report and determining that it did not contain prior relevant statements of the three witnesses."

Sylvester Lundy, the store manager of the liquor store, testified as part of Commonwealth's case. Prior to the start of trial, defense counsel requested the production of a written account made by a police officer who interviewed Mr. Lundy following the alleged burglary. Commonwealth argues that such a report is not discoverable as it is not a statement in the literal sense. It cites in support of that proposition, *Commonwealth v. Collins,* 440 Pa. 368, 269 A. 2d 882 (1970). That case, however, disallowed the production of a memorandum concerning an interview with a witness because of the tardiness of counsel's request and the scribbled nature of the notes. See, *Commonwealth v. Morris,* supra at 367.

Commonwealth also argues that as the request came prior to trial and not after direct examination of the witness, it was not the proper time to make the request and therefore properly denied. It cites the case of *U. S. ex rel. Felton v. Rundle,* 410 F. 2d 1300 (3 Cir. 1969). In that case, however, the Court noted that the

trial judge had instructed counsel that this request could be renewed during cross-examination of the officer, which advice counsel never followed. In the instant case, the trial court did not so instruct counsel as to the untimeliness of said request, but instead ruled that the memorandum was not a statement that could be discoverable. Having precluded any further attempt by counsel to gain access to the report by such a ruling, counsel's failure to later move for production of the document can be understood. It is my opinion that such a report recorded by an investigating police officer and taken from interviews with witnesses testifying at trial are statements to which defense counsel should be afforded access.

During the course of the trial, Commonwealth produced the F.B.I. reports of fingerprint analysis of liquor bottles found near the scene of the burglary. Commonwealth's expert witness testified that the prints matched those of the appellant Miah. On cross-examination, the trooper testified that prior tests had been made by the State Bureau, which tests proved negative. Defense counsel's request to produce the report of the State Bureau was denied. This, I believe, was likewise error.

The Supreme Court of the United States has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Here, withholding a fingerprint report that would weigh favorably in appellant's behalf by stating the basis for a "negative" result was a denial of due process. Defense counsel was entitled to such evidence.

For the above stated reasons, I would reverse the judgment of sentence and grant a new trial.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.