378 A.2d 377

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Myles GRIMM, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Oct. 6, 1977.

442

Penn B. Glazier, Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant makes four allegations of errors in this direct appeal: (1) the lower court should have granted a mistrial when the prosecutor elicited testimony from a police witness that appellant had stolen a keg of beer, (2) the court should have declared a mistrial when a police witness stated that he had heard that an intoxicated individual was causing a disturbance, (3) the court erred in allowing the Commonwealth to impeach one defense witness with evidence that he had been convicted of aggravated assault and another defense witness with his guilty plea to disorderly conduct, (4) the lower court erred in refusing to order the production of copies of written pre-trial statements made by Commonwealth witnesses. We are unable to assess the prejudice of denying appellant's counsel this resource for cross-examination because the police reports were not made a part of the record. We, therefore, remand, with instructions to consider

the harmlessness of this error in combination with the other errors which occurred at trial.

The events leading to appellant's arrest and conviction for aggravated assault[1] and resisting arrest[2] occurred on Sunday afternoon, May 19, 1974. At trial on October 21–23, 1974, the Commonwealth's evidence established that appellant and several companions entered Long Park, which is operated by the City of Lancaster but located just outside the city limits. A park policeman first observed appellant and 5 other young people in a jeep cruising at about 10 miles per hour above the park speed limit of 15 miles per hour. One or two of appellant's companions were riding on the jeep's running board. When the officer attempted to give the jeep's driver a citation, appellant alighted from the jeep, successfully obstructed the officer's view of the license plate, and began arguing with him. During the ensuing argument, appellant repeatedly threatened to kill the officer. The officer finally abandoned his effort to issue the ticket because he wanted to avoid further trouble.

Subsequently, the officer observed appellant operating a motorcycle without a helmet or safety glasses. He was driving precariously close to crowds of people and "doing wheelies;" i. e. maneuvering the motorcycle onto its rear wheel by using the torque of the vehicle to raise the front wheel from the ground. The park officer next observed appellant and his companions as they were leaving the park in their jeep traveling in the direction of the city. At this point, he called the Lancaster City police department to report the previous incidents.

Appellant and his companions returned to the park an hour or two later, parked on the side of one of the roadways, and began harassing passersby. The officer again called the Lancaster police station. Two officers arrived and attempted to apprehend appellant. For a while, appellant eluded the officers by dodging in and out of the assembled crowd;

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2702(a)(3).

2. The Crimes Code, supra; 18 Pa.C.S. § 5104.

eventually they captured him, placed him under arrest, and started to take him to the police cruiser. Suddenly, appellant broke loose and started swinging his fist at both officers and landed several blows before he was subdued.

Appellant's testimony and the testimony of nine eyewitnesses portrayed appellant as the victim of an unprovoked attack by the police. They denied that appellant had blocked the officer's view of the license plate or otherwise interfered with the performance of his duties, denied that appellant had been on a motorcycle at Long Park on the day in question, and claimed that he had not interfered with traffic in the park. They also testified that appellant submitted peaceably to arrest until the police began beating him with blackjacks. Appellant's witnesses stated that, at this point, he attempted to raise his arms to protect himself. Several witnesses testified that appellant's injuries appeared relatively minor prior to being placed in the patrol car, but that after he arrived at the hospital they were quite severe.

At the conclusion of a three-day trial, the jury returned a verdict of guilty on both charges. On May 9, 1975, the court denied appellant's written post-verdict motions for a new trial. On June 6, the court sentenced appellant to serve 6 to 12 months in the Lancaster County Prison and to pay a fine of $50. The lower court granted supersedeas upon condition that appellant post a bond of $6,000.

# I

Appellant first contends that the lower court should have declared a mistrial after a police witness testified that appellant had stolen a keg of beer. Earlier in the trial, the district attorney had extensively cross-examined a defense witness to determine whether she had previously told a police officer that appellant had placed a keg of beer in the jeep. The witness insisted that she did not remember making such a statement. On rebuttal, the district attorney called a police officer to the stand who stated that the witness had told him that appellant had stolen a keg of beer. The court denied appellant's motion for a mistrial and cautioned the jury to disregard the statement.

As a general rule, the Commonwealth may not introduce evidence that the accused has committed crimes other than the one with which he is charged. *Commonwealth v. Ulatoski*, 472 Pa. 53, 371 A.2d 186 (1977); *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Bruno*, 215 Pa.Super. 390, 258 A.2d 666 (1972); *Commonwealth v. Trowery*, 211 Pa.Super. 171, 235 A.2d 171 (1967). There are two commonly recognized exceptions to the general rule. Subject to the trial judge's discretion, evidence of other crimes which is relevant to an issue in the case may be admitted if its probative value outweighs its prejudicial impact. See *Commonwealth v. Ulatoski*, supra; *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973); McCormick, Evidence § 185 (Cleary 2d ed. 1972). Secondly, if the accused takes the stand in his own defense, his veracity may be attacked by introduction of evidence of crimes involving dishonesty or false statement subject to certain restrictions. See *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). See also Act of March 15, 1911, P.L. 20, § 1; 19 P.S. § 711.

In the instant case, the police witness's testimony that he had been told that appellant had stolen a keg of beer was clearly incompetent proof of criminal activity because it was hearsay. It was offered to contradict a previous defense witness's statement that she did not remember making a statement to the officer. It had no independent relevance to the crime with which appellant was charged, and it was incompetent to impeach appellant's veracity. See, McCormick, Evidence § 42 (Cleary 2d ed. 1972). It was improper for the district attorney to elicit such testimony.

## II

Appellant next contends that the court erred when it compelled a defense witness to tell the jury that the witness had been convicted of an unrelated aggravated assault. He makes a similar objection to the court's requiring another defense witness to admit that he had pleaded guilty to a

disorderly conduct[3] charge arising out of the Long Park disturbance.

The credibility of a witness may not be attacked by evidence of criminal activity unless the conviction bears some relevance to the veracity of the witness. *Commonwealth v. Katchmer,* supra; *Berliner v. Schoenberg,* 117 Pa.Super. 254, 178 A. 330 (1935). See also McCormick, Evidence § 43 (Cleary 2d ed. 1972). In the instant case, convictions showing assaultive or disorderly conduct do not involve false statement or dishonesty. They are completely irrelevant to the issue of the witnesses' veracity. It was, therefore, improper for the court to allow this form of impeachment.

### III

Appellant's fourth allegation of error is that the court should have declared a mistrial when a police officer testified that he received a report of an intoxicated individual who was causing a disturbance in the park. This was clearly inadmissable hearsay, but the prejudicial effect of this fleeting remark must be weighed against the fact that the court instructed the jury to disregard it and the fact that there was no evidence tending to show that appellant was intoxicated.

### IV

Although we agree with appellant that four errors occurred during his trial, we decline to pass on the question whether any one of these errors was so prejudicial as to require the award of a new trial. "A defendant is entitled to a fair trial, but not a perfect trial." *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953). Because we must remand the case anyway for a determination of the harmlessness of the court's unwarranted refusal to allow access to witnesses' pre-trial statements, we believe that it is best for the trial court to assess in the first instance the impact of these errors.

3. The Crimes Code, supra, 18 Pa.C.S. § 5503.

V

In the instant case, appellant's counsel requested the court to order production of pre-trial statements made by all Commonwealth witnesses before he cross-examined the Commonwealth's first witness:

"[Defense Counsel]: Your Honor, I am requesting that the District Attorney furnish to me copies of any pretrial statements of his witnesses, including the witness now on the stand, and including, but not limited to, police reports. I think I am entitled to see these at this time.

"THE COURT: What are you asking for them now? Why didn't you ask for them before trial?

"[Defense Counsel]: Well, the rules say I'm not only entitled to the defendant's, but pretrial discovery admitted at the trial, I'm entitled to pretrial statements of witnesses.

"THE COURT: Give me some law on it or shut up about it.

"[Defense Counsel]: I don't have a citation."

Appellant's counsel commenced cross-examination without being permitted to see what, if any, prior statements the witness might have given to the police. Appellant did not renew his request before cross-examining subsequent Commonwealth witnesses, but he cited the court's ruling in his post-verdict motions for a new trial.

■ The law in this area is well-settled: "There is no bar . . . to requesting discovery of a witness's written statements during trial. *Commonwealth v. Kontos*, 442 Pa. 343, 276 A.2d 830 (1971). In fact, 'relevant pre-trial statements of witnesses in the possession of the Commonwealth must be made available to the accused, upon request, during trial.' *Commonwealth v. Morris*, 444 Pa. 364, 366, 281 A.2d 851 (1971). *See also Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This rule extends to reports made by police officers who testify as witnesses. *Commonwealth v. Swierezewski*, 215 Pa.Super. 130, 257 A.2d 336 (1969)." *Commonwealth v. Robinson*, 229 Pa.Super. 131, 136, 324 A.2d 441, 444 (1974).

In *Commonwealth v. Cooper*, 240 Pa.Super. 477, 493, 362 A.2d 1041, 1051 (1976), this Court stated that police reports ". . . are to be made available to a defendant subject only to a review by the trial judge for relevancy . . . ." In *Cooper*, we required that counsel make a timely request for pre-trial statements and held that, at the very latest, the request should be made following the witness's answers to questions on cross-examination concerning the existence of such statements. An earlier request during trial is obviously sufficient to preserve for appeal the issue of the court's refusal to make available to the accused witness's pre-trial statements.

In *Commonwealth v. Cooper*, supra, we determined that the failure to grant the appellant's request for police reports could be harmless error, but stated: "In order for an error of this kind to be held harmless, 'the Commonwealth must now demonstrate, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of might have contributed to the conviction.' *Commonwealth v. Pearson*, 427 Pa. 45, 49, 233 A.2d 552, 554 (1967)." However, because the police reports were not made a part of the record, we could not determine what effect the court's ruling might have had on the jury's verdict. Therefore, we granted a new trial; and the Commonwealth appealed.

On appeal, our Supreme Court remanded the case to the trial court for an evidentiary hearing to determine whether the court's failure to order production of the pre-trial statements was harmless error. The Court stated that if the claimed error was harmless, the judgment of sentence would be reinstated. If the error was determined not to have been harmless, then the lower court would be required to order a new trial. The Court also stated that the Commonwealth or the appellant could appeal from an adverse ruling on the issue of harmlessness. See *Commonwealth v. Cooper*, 468 Pa. 390, 363 A.2d 783 (1976).

 In the instant case, appellant made a timely request for all pre-trial statements made by Commonwealth witnesses. The lower court denied his request because it believed

that the request was untimely.[4] In view of the lower court's obvious hostility to appellant's position that he was entitled to have the pre-trial statements produced, appellant should not be required to restate his motion for production before cross-examining each of the Commonwealth witnesses. Appellant's request was timely and adequately preserved the issue for our review.

Because the lower court should have ordered the Commonwealth to produce all pre-trial statements in its possession, we remand for an evidentiary hearing on harmlessness. See *Commonwealth v. Cooper*, 468 Pa. 390, 363 A.2d 783. However, when the lower court determines whether a new trial should be ordered, it must also consider several other errors which occurred at trial. First, the Commonwealth improperly elicited testimony which indicated that appellant had stolen a keg of beer because he was not charged with this crime. Second, the lower court erred in permitting the Commonwealth to introduce evidence of prior crimes to impeach two defense witnesses. Finally, the Commonwealth impermissibly introduced evidence that the police responded to a report of an intoxicated individual causing a disturbance. The cumulative effect of these errors should be considered when deciding whether the refusal of the court to order production of pre-trial statements was harmless error beyond a reasonable doubt. Obviously, either the appellant or the Commonwealth may appeal from an adverse determination by the lower court.

Judgment of sentence is vacated and case remanded for proceedings consistent with this opinion.

WATKINS, President Judge, concurs in the result.

4. In its Opinion, the lower court abandoned its view expressed during trial that the request for pre-trial statements was untimely because it was not made prior to trial. The court justified its refusal to order production on the ground that these statements were subject to a privilege. I believe that our Opinions in *Commonwealth v. Cooper*, supra, and *Commonwealth v. Robinson*, supra, make this position untenable.