## Commonwealth v. Kirkwood

*James F. Marsh,* for plaintiff.
*Allan Ellis,* for defendant.

WILLIAMS, *J.,* April 10, 1978—Defendant seeks pre-trial discovery and inspection under Pa.R.Crim.P. 305E. An accord has been reached by the district attorney and counsel for defendant as to considerable of the information sought. We deal here only with the matters we understand are in dispute. In paragraph (e) of the motion, defendant

seeks inter alia, the results and reports of scientific tests . . . "including, but not limited to chemical analysis results in the form of notes and thin layer chromatography plates . . ." The district attorney either will or has already furnished to defense counsel the results and report of scientific tests, but disputes the request for the notes made by the expert who made the test as well as the thin layer chromatography reports.

In respect to the motion for disclosure, counsel for defendant states in a letter dated April 6, 1978, that defendant seeks the following items which the Commonwealth opposes:

"1. Results or reports of scientific tests, specifically the prosecution chemist's notes and thin layer chromotography plate(s) which reflects what he observed when he performed his scientific tests on the purported marijuana in question in this case; and

"2. The police reports of any prosecution witnesses whom the Commonwealth intends to call at trial."

It is asserted by defense counsel:

"It is our position with respect to the chemist's materials that such disclosure is mandatory under Rule 305(b)(1)(e) and that the police reports are material to the preparation of the defense in order to provide adequate information for an informed plea, expedite the trial (we won't have to ask for a lengthy recess in order to inspect the reports after the officers have finished testifying on direct examination), minimize surprise, and afford opportunity for effective cross-examination as set forth above in the Comment to Rule 305."

## THE CHEMIST'S NOTES AND THE CHROMATOGRAPHY PLATE(S)

Under the disclosure rule it is mandatory for the Commonwealth to disclose: "(e) results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth." What this rule requires the Commonwealth to disclose is the *result* or *reports* of scientific tests. This the district attorney does not oppose. What is opposed is the disclosure of the notes and thin layer chromatography plate(s) which reflect what the chemist observed while performing his scientific tests. We find nothing in the disclosure rules which sustains the position of defense counsel. He has been given what the rule requires. Moreover, there is nothing before this court to enable us to find that either the notes or the plate(s) are in control of the district attorney, a requirement of the disclosure rule. Defendant has requested and been given a representative sample of the alleged marijuana for analysis by a chemist of his own choice. If the result of his chemist's analysis differs from that of the Commonwealth's chemist, he may wish to utilize available legal process to require the chemist to produce the requested items at trial. As the record stands, we are of the opinion that to grant the request of defendant would be an unwarranted extension of Pa.R.Crim.P. 305B(e).

## POLICE REPORT

First, we note that the request for disclosure is broad in character and not limited to any specified

information sought by defendant. To grant such a broad disclosure could well place in the hands of defendant confidential information, unrelated to defendant, which would not be in the interest of justice.

The discovery rules do not provide for pre-trial disclosure of police records on so broad a scale as sought by defendant. If they contain statements of witnesses, such statements must be disclosed: Com. v. Smith, 417 Pa. 321, 208 A. 2d 219 (1965). If they contain exculpatory evidence, such evidence must be disclosed: Com. v. Royster, 472 Pa. 581, 372 A. 2d 1194 (1977). However, in Com. v. Royster, supra, it was held that it was not error for the trial court to refuse to compel production of the complete police report. The court said at page 586: "In the instant case, appellant sought complete disclosure of a police investigation file. We are of the opinion that neither Brady nor Pa.R.Crim.P. 310 relating to pre-trial discovery required such disclosure."

In Com. v. McFarland, ___ Pa. Superior Ct. ___, 382 A. 2d 465, 472 (1977), the Superior Court stated:

"[8] For his sixth assignment of error, appellant contends that the lower court erred when it refused to order the production of certain police reports. Prior to trial, the prosecution was ordered to deliver any exculpatory material to the appellant in accordance with Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) and Com. v. Gee, 467 Pa. 123, 354 A. 2d 875 (1976). Appellant does not now contend that the prosecution withheld exculpatory material. At trial, appellant did receive a police report of Andrew Pecile, Chief of Police of Butler Township, who testified for the Common-

wealth. Appellant now contends, as he did at trial, that he was entitled to a report prepared by Corporal Komosinsky. Appellant was not entitled to this report because the Corporal never testified at trial: Com. v. Robinson, 229 Pa. Super. 130, 324 A. 2d 441 (1974); Com. v. Swierczewski; 215 Pa. Super. 130, 257 A. 2d 336 (1969)."

It is our opinion that as to any police report of a policeman who actually testifies at trial, defendant, before cross-examination, may examine the report but is not entitled to the broad pre-trial discovery of police reports he seeks in his motion.

### ORDER

And now, April 10, 1978, the motion of defendant for pre-trial discovery of notes made by the chemist in the course of the chemical test of the alleged marijuana, as well as the chromatography plate or plates is denied. The motion for pre-trial discovery of police reports is denied.