524 A.2d 902

**COMMONWEALTH of Pennsylvania**

**v.**

**John Francis MEO, Appellant.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Phyllis Marci TIZER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1986.

Filed March 13, 1987.

Concurring Statement May 1, 1987.

Reargument Denied May 18, 1987.

**330**

John P. Lawler, Stroudsburg, for appellant John Francis Meo.

Mark S. Love, Stroudsburg, for appellant Phyllis Marci Tizer.

Jane Roach, Assistant District Attorney, Allentown, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

BECK, Judge:

These are consolidated appeals from appellants' judgments of sentence for possession of a controlled substance (methamphetamine) with intent to manufacture. Appellants contend that (1) there was insufficient evidence introduced at trial to show that they possessed the methamphetamine; (2) evidence seized pursuant to a search warrant should have been suppressed because (a) the probable cause affidavit supporting the warrant was insufficient and (b) the execution of the search warrant was defective because the police did not wait a reasonable period of time before forcibly entering the premises; (3) the trial court committed various sentencing errors; and (4) the trial court erred in denying defense counsel access to a report prepared by a police officer that the officer reviewed before he testified at appellants' joint trial. In addition, appellant Meo contends that he was entitled to a mistrial because the Commonwealth failed to disclose fingerprint evidence as required by Pa.R.Crim.P. 305 B(1)(f). Because we find that the trial court erred in denying appellants access to the police report, and because we cannot determine if that error is harmless on this record, we remand for an evidentiary hearing on harmless error.

On April 26, 1984, appellants were arrested and charged with various violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.Stat.Ann. §§ 780–101 through 780–144 (Purdon 1983). The cases were consolidated and appellants were tried before a jury in January, 1985. On January 8, 1985, the jury found appellants guilty of possession of a controlled substance with intent to manufacture. Appellant Meo was later sentenced to a four-and-one-half-to-nine-year term of imprisonment, and appellant Tizer was sentenced to a one-to-five-year term of imprisonment. Both Meo and Tizer appealed, and the two appeals were thereafter consolidated.

Appellants first contend that there was insufficient evidence introduced at trial to show that they possessed the methamphetamine, and that evidence seized pursuant to a search warrant should have been suppressed. In addition, appellant Meo contends that he was entitled to a mistrial because the Commonwealth failed to disclose fingerprint evidence as required by Pa.R.Crim.P. 305 B(1)(f). After carefully reviewing the record and the parties' briefs, we conclude that the lower court has adequately disposed of appellants' sufficiency and suppression claims, as well as Meo's claim regarding discovery of fingerprint evidence.

Appellants next contend that the trial court erred in sentencing them. These claims are meritless.

Appellant Meo argues that his sentence exceeded the sentencing guidelines because the Commonwealth failed to produce sufficient evidence of his prior convictions, and thus the court should not have sentenced him as a repeat offender.

> [T]he defense has the burden of alleging invalid prior convictions, and ... if the allegations appear to have merit, the court ordinarily should inquire into the circumstances surrounding the convictions. If the allegations warrant it, the court should require the production of evidence by the Commonwealth showing the validity of the convictions. If the defendant fails to prove to the satisfaction of the court that the inference of constitution-

al adjudications is wrong, the court may infer that a presentence report showing convictions is accurate, and proceed on that basis.

*Commonwealth v. Charles*, 339 Pa.Super. 284, 296, 488 A.2d 1126, 1132 (1985).

■ Here, appellant Meo challenged the accuracy of the prior record score that was contained in the pre-sentence report. The court held a hearing, where the probation officer who prepared the report testified. The officer testified that, in preparing his report, he relied on computer printouts from Philadelphia and New Jersey courts, as well as rap sheets from the F.B.I. and the Pennsylvania State Police. The officer's testimony established that the only error in his original report was that he had listed appellant as having ten, rather than nine, prior convictions. This error in the calculation of appellant's prior convictions, however, had no effect on his prior record score. Moreover, appellant offered no evidence to show that any of the remaining nine convictions were invalid. Accordingly, we conclude that the court did not err in relying on this prior record score when it sentenced appellant. *See Commonwealth v. Charles, supra.*

■ Appellant Tizer argues that the trial court abused its discretion in sentencing her because (1) it failed to consider probation as an alternative to total confinement; and (2) its reasons for imposing a sentence of total confinement lacked merit and were insufficiently articulated. Sentencing is a matter vested in the sound discretion of the trial court and a trial court's judgment of sentence will not be disturbed unless an abuse of discretion is shown. *Commonwealth v. Rooney*, 296 Pa.Super. 288, 292, 442 A.2d 773, 774 (1982). Nevertheless, sentencing judges must state for the record the reasons that lead them to impose a particular sentence. *Commonwealth v. Riggins*, 474 Pa. 115, 133, 377 A.2d 140, 149 (1977). The trial court's statement of reasons should demonstrate that it has considered the factors set forth in the Sentencing Code, 42 Pa.Cons. Stat.Ann. §§ 9701–9781 (Purdon 1982), and that it has bal-

anced the defendant's background and character against the circumstances of the crime, the need for incarceration, and the possibility of rehabilitation. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 314, 401 A.2d 1223, 1227 (1979).

 A review of the sentencing hearing convinces us that the trial court properly applied the above standards. Looking to appellant's background and character, the court noted her prior drug problems and her apparent inability to remove herself from the "drug culture." The court concluded from these facts that appellant's "frame of mind" was such that she was unlikely to break free from that culture and thus was likely to commit this type of crime again. The court further noted that the crime of manufacturing drugs is a particularly serious one. Looking to mitigating factors, the court noted that, although appellant had no relevant prior record, there still was no provocation involved, nor were there other grounds to justify her conduct. Finally, the court noted that, because appellant has no dependents, incarceration would impose no undue hardship. These statements demonstrate both the trial court's awareness of Sentencing Code factors and a balancing of appellant's character with the nature of the crime, the need for incarceration, and the possibility of rehabilitation. Thus, we conclude that the lower court did not abuse its discretion in sentencing appellant Tizer to a sentence of confinement.[1]

Appellants next contend that they are entitled to a new trial because the trial court erred in refusing to allow defense counsel to examine a police report prepared by a police officer who testified for the Commonwealth. The

1. Appellant Tizer also contends that the trial court erred in sentencing her in excess of the sentencing guidelines, without adequately explaining the deviation. This contention is meritless. Appellant was sentenced to a one-to-five-year term of imprisonment. Appellant correctly states that her "prior record score is zero, [and her] offense gravity score is six." Brief for Appellant Tizer at 36 n. 3. These scores result in a suggested minimum sentencing range of four-to-twelve months. 204 Pa.Code § 303.9. Thus, appellant's sentence fell at the upper limit of the minimum range, and her claim that the sentence exceeds the guidelines must fail.

law governing defense entitlement to view such reports is well-settled:

> There is no bar ... to requesting discovery of a witness's written statements during trial. *Commonwealth v. Kontos*, 442 Pa. 343, 276 A.2d 830 (1971). In fact, "relevant, pre-trial statements of witnesses in the possession of the Commonwealth must be made available to the accused, upon request, during the trial." *Commonwealth v. Morris*, 444 Pa. 364, 366, 281 A.2d 851 (1971).... *This rule extends to reports made by police officers who testify as witnesses. Commonwealth v. Swierczewski*, 215 Pa.Super. 130, 257 A.2d 336 (1969).

*Commonwealth v. Robinson*, 229 Pa.Super. 131, 136, 324 A.2d 441, 444 (1974) (emphasis added). *See also Commonwealth v. Grimm*, 249 Pa.Super. 441, 448, 378 A.2d 377, 381 (1977). Defense counsel is allowed access to such statements "so that he may uncover inconsistencies between a witness' pre-trial statements and his testimony at trial." *Commonwealth v. Rines*, 247 Pa.Super. 429, 434, 372 A.2d 901, 903–04 (1977). In this analysis, "[w]hether the statements of the prosecution's witnesses would have been helpful to the defense is not a question to be determined by the prosecution or by the trial court." *Commonwealth v. Grayson*, 466 Pa. 427, 429, 353 A.2d 428, 429 (1976). Instead, defense counsel must be able to view the statement "with the eyes of a trial advocate," thus insuring that the defense has a fair opportunity to cross examine the witness. *Id.*

Here, the Commonwealth's first witness was Ronald M. Kutch of the Pennsylvania State Police Strike Force. On direct examination, Kutch described the police surveillance of the home where appellants were later arrested, his obtaining a search warrant, and the execution of that warrant, culminating in the arrest of appellants and the seizure of evidence from the home. On cross-examination, Kutch admitted that he had prepared a police report on the case, and that he had reviewed his report prior to testifying. Defense counsel then asked to examine the report, which

Kutch had brought with him to court, before continuing with cross-examination. After an extensive discussion at sidebar, the trial court denied the defense request because the report contained only Kutch's account of the investigation, and did not contain exculpatory or verbatim statements from witnesses.

The lower court thus drew a distinction between police reports that contain statements of non-police witnesses and a report, like the one at issue here, which contains only the account of the officer who prepared it. In *Commonwealth v. Rines, supra,* this court rejected this approach, holding that: "[a]ny argument based on a distinction between police and civilian witnesses is precluded by *Commonwealth v. Swierczewski, [supra]." Commonwealth v. Rines, supra,* 247 Pa.Super. at 434, 372 A.2d at 903. *See also Commonwealth v. Cooper,* 240 Pa.Super. 477, 493, 362 A.2d 1041, 1051 (1976) (police reports are to be made available to defendant subject only to review by the trial judge for relevancy), *remanded on other grounds* 468 Pa. 390, 363 A.2d 783, *cert. denied sub nom. Cooper v. Pennsylvania,* 429 U.S. 1048, 97 S.Ct. 758, 50 L.Ed.2d 763 (1977). We therefore conclude that the lower court erred in denying appellants' request to see the police report.

■ The Commonwealth contends that any error in the trial court's denial is harmless because the police report contains "nothing more than the facts recited in the probable cause affidavit and testified to at the suppression hearing and at trial." Brief of Appellee at 6. The failure to grant a defense request for police reports may indeed be harmless error. *Commonwealth v. Grimm, supra* 249 Pa.Super. at 449, 378 A.2d at 381. The Commonwealth bears the burden of establishing that the error was harmless beyond a reasonable doubt. *Commonwealth v. Story,* 476 Pa. 391, 406 n. 11, 383 A.2d 155, 162 n. 11 (1978). The difficulty in analyzing the harmlessness of the error in the instant case is that the officer's report is not part of the

record,[2] and we therefore cannot "determine what effect the court's ruling might have had on the jury's verdict." *Commonwealth v. Grimm, supra* 249 Pa.Super. at 449, 378 A.2d at 381. In such cases, we must remand to the trial court for an evidentiary hearing to determine whether the failure to allow appellants access to the report prepared by the police officer witness was harmless error. *Commonwealth v. Cooper,* 468 Pa. 390, 391, 363 A.2d 783, 783 (1976), *cert. denied sub nom. Cooper v. Pennsylvania,* 429 U.S. 1048, 97 S.Ct. 758, 50 L.Ed.2d 763 (1977); *Commonwealth v. Grimm, supra.*

If the trial court determines the claimed error to have been harmless, the judgments of sentence will stand. If the trial court determines the claimed error not to have been harmless, we direct the trial court to vacate the judgments of sentence and order a new trial for appellants. The trial court's determination may be appealed.

Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

CIRILLO, President Judge *, concurring:

I agree with the result reached by the majority. However, I would not decide the sentencing issues raised by the appellants because neither appellant has "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of ... sentence." Pa.R.A.P. 2119(f). Accordingly, since neither appellant has properly petitioned for allowance of appeal on the discretionary aspects of sentence by attempting to demonstrate a "substantial question that the sentence imposed is not appropriate under [the Sentencing Code]," 42 Pa.C.S. § 9781(b), we should not allow their

---

**2.** In an attempt to display the harmlessness of the trial court's denial of access to the police report, the Commonwealth filed an Application for Relief pursuant to a Pa.R.A.P. 123, requesting leave to supplement the record with a copy of the police report. The application was denied by order of this court.

* Filed May 1, 1987

appeals on the sentencing issues. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).