**Commonwealth v. Bevan**

*Michael Goffer, assistant district attorney,* for the Commonwealth.

*Thomas Munley,* for defendant.

COTTONE, *J.,* January 9, 1992—This matter is presently before the court on the defendant's motion for a new trial and in arrest of judgment. On August 10, 1990, the defendant was arrested and charged with the offenses of aggravated assault, simple assault, recklessly endangering, and involuntary deviate sexual intercourse.

The defendant filed several pre-trial motions which included an informal request for discovery and bill of particulars. In his pre-trial motions, the defendant specifically requested any and all tape recordings of witnesses or recorded statements of eyewitnesses who had been interviewed by any agent of the Commonwealth. The Commonwealth in its answer stated that it had no tape recordings.

On April 8, 1991, a jury trial on this matter commenced. During the trial, Officer James Holland, a prosecution witness, revealed on cross-examination that he had made a tape recording of an interview with Cheryl Gregory, the alleged victim, concerning the incidents in question. He also admitted that he did not disclose the tape to the defendant.

On April 12, 1991, the jury returned verdicts of guilty to the charges of involuntary deviate sexual intercourse, simple assault and recklessly endangering, and not guilty to the charge of aggravated assault. On April 18, 1991, the defendant timely filed his post-trial motions requesting a new trial.

Initially, we must note that the Commonwealth deemed it unnecessary to file a supplemental reply brief to address the issues raised by the defendant. The defendant asserts that the tape recording revealed inconsistencies when compared to Ms. Gregory's written statement and her testimony at trial. The defendant also argues that the taped conversation would have been material for the purpose of attacking Ms. Gregory's credibility and, consequently, may have affected the outcome of the trial. As such, the defendant contends that the Commonwealth's nondisclosure of the tape constituted reversible error and a new trial should be granted. We agree.

In all court cases, on request by the defendant, the Commonwealth must disclose to the defendant's attorney, "[a]ny evidence favorable to the accused which is material to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 305(1)(a). More specific, the most elementary principles of what is deemed reasonable and right dictate that the accused be allowed to see what witnesses have previously said to the government about him when they testify against him in court. *Commonwealth v. Smith,* 417 Pa. 321, 208 A.2d 219 (1965).

Moreover, the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963). Thus, the concern is not the punishment of society for misdeeds of the prosecutor, but rather the avoidance of an unfair trial to the accused. *Id.*

It is the effect on the right to a fair trial, not the prosecutor's state of mind, that constitutes reversible error. *Commonwealth v. Jenkins,* 476 Pa. 467, 383 A.2d 195 (1978).[1]

Furthermore, when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility of the witness falls within the general rule of *Brady,* making such evidence exculpatory. *Commonwealth v. Wallace,* 500 Pa. 270, 455 A.2d 1187 (1983). Indeed, our Supreme Court has held that a jury's appraisal of a person's credibility can weigh heavily in its final verdict:

"The question of credibility sometimes depends on the slightest inclination of the scales. Where the jury is in doubt as to whether or not to believe a witness, the smallest feather of a palpable exaggeration or an inconsistency in a witness's statement on a minor point may be the very item to tip the scales and discredit the witness on his main testimony." *Smith,* 417 Pa. at 334, 208 A.2d at 226.

In addition, the evidence is material if it could "in any reasonable likelihood have affected the judgment of the jury." *Wallace,* 500 Pa. at 277, 455 A.2d at 1191.

---

1. Relying on *Arizona v. Youngblood,* 488 U.S. 51, 109 S. Ct. 333, 102 L.Ed. 2d 281 (1988), the Commonwealth maintains that there was no violation of due process of law because it had not acted in bad faith by not disclosing the tape. The Commonwealth has misconstrued *Youngblood* as having carved out a bad faith exception to the rule in *Brady.* In *Youngblood,* the court held that the bad faith requirement applies to situations where the state failed to "preserve evidentiary material." (emphasis supplied) *Id.* In fact, the court reiterated that good faith, or the lack thereof, is irrelevant when the state fails to disclose materially exculpatory evidence. *Id.*

On a similar matter, in *Commonwealth v. Grayson,* 466 Pa. 427, 363 A.2d 428 (1976), where the defense was denied the right to examine pre-trial statements of a prosecution witness for the purpose of cross-examination, the court stated as follows:

"The defense was entitled to examine the statement in order to have a fair opportunity to cross-examine the witnesses. Whether the statements of the prosecution's witnesses would have been helpful to the defense is not a question to be determined by the prosecution or by the trial court. They would not be reading the statements with the eyes of a trial advocate engaged in defending a client. Matters contained in a witness' statement may appear innocuous to some, but have great significance to counsel viewing the statements from the perspective of an advocate for the accused about to cross-examine a witness." *Id.* at 429, 353 A.2d at 429.

In the case at bar, during the taped conversation with Officer Holland, Ms. Gregory stated that, while in the vehicle, she and the defendant discussed where to go when she began to undress, and she had disrobed entirely while still in the car. During the trial, she maintained in her testimony that the only thing she remembered in the car was trying to change the radio station and that she didn't remember how her clothing came off. In the taped interview, Ms. Gregory also stated that at one point the defendant backhanded her and that, after running away from him, she rolled down an embankment. At trial, she testified that she had been hit more than once and that she did not roll down an embankment.

Furthermore, the defendant also points out that he could have played the tape for the jury so that they could hear these inconsistencies. Moreover, since Ms.

Gregory testified at trial that she was extensively drugged when she made these statements, by listening to the tape, the jury possibly could have discerned her coherence, or lack thereof.

In the instant case, Cheryl Gregory was the chief witness for the prosecution as she was the alleged victim. As such, her testimony was a crucial part of the case. The defendant pointed out several inconsistencies regarding her taped statements and her testimony at trial. It cannot be said that the jury would have afforded the same weight to Ms. Gregory's testimony had her credibility been affected by cross-examination conducted with the benefit of knowledge concerning her taped statements made prior to trial. Thus, in the instant case, we find that the requested evidence, namely the tape recording, was both exculpatory and material. As such, the defendant was entitled to receive and examine this evidence to insure that he was afforded a fair opportunity to cross-examine the witness.

Finally, the Commonwealth asserts that it was unaware of the taped interview made by Officer Holland. While the evidence requested may not have been within the possession of the Commonwealth's attorney, it certainly can be said that it was within his control in the sense that Officer Holland, an agent of the Commonwealth, was to be presented as a witness for the prosecution. Moreover, the Commonwealth did not offer any explanation since it did not file a supplemental reply brief.

Furthermore, although generally, the prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess and of which it is unaware during pre-trial discovery, the lead-

ing cases also hold that there must not have been any prejudice to the defendant.[2] In the case at bar, for the reason stated above, we find that the defense was prejudiced by the Commonwealth's withholding of the tape. Accordingly, we hold that the defendant is entitled to a new trial because the nondisclosure affected the fairness of the trial.

## ORDER

Now, January 9, 1992, for the reasons stated in the foregoing opinion, it is hereby ordered that the defendant, Thomas Bevan's motion for a new trial is granted.

---

2. *See Commonwealth v. Starks,* 304 Pa. Super. 527, 450 A.2d 1363 (1982) (Commonwealth's failure to provide tape in accordance with ordered discovery did not require new trial where defendant allowed to prepare further); see also *Commonwealth v. Bonacurso,* 500 Pa. 247, 455 A.2d 1175 (1983) (Defense was not prejudiced by Commonwealth's delayed disclosure of identity of witness where defendant used witness' testimony to his advantage in contradicting Commonwealth witnesses).