653 A.2d 1288

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**James Russell CROSSLEY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1994.

Filed Feb. 9, 1995.

343

Merritt E. McKnight, Dist. Atty., Lock Haven, for the Com., appellant.

Paul J. Ryan, Lock Haven, for appellee.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

POPOVICH, Judge:

This case involves a Commonwealth appeal from the order granting a motion to suppress[1] to and dismissing retail theft

---

1. Our examination of the record, i.e., the transcript and notice of appeal, establishes that the Commonwealth satisfied its obligation to certify in good faith that the order appealed "substantially handicapped" its continued prosecution of the case. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). The appellee's suggestion that this Court examine the merits of such a claim of being "substantially handicapped" by the order appealed is contra the *Dugger* ruling which provides that such a good faith assertion of being "substantially handicapped" is sufficient to secure review.

charges against the appellee/James Russell Crossley. We reverse.

The facts indicate that the appellee was charged on August 12, 1993, with retail theft of an item valued at $2.55.[2] On October 25, 1993, the appellee pleaded guilty to the offense. But prior to the court's acceptance of the plea, the appellee was permitted to withdraw it upon learning that the sentence to be imposed would result in imprisonment of 24 to 36 months in a state (versus a county) correctional facility.

The case was scheduled for the call of the list on April 18, 1994, with jury selection to be held on May 20, 1994. The appellee appeared on April 18th with the case being continued until the following day to inquire into whether a local sentence (9–15 months imprisonment) would be agreeable to the initial judge who heard the matter on October 25th. When the initial judge indicated the unlikeliness of deviating from the sentencing guidelines, the appellee opted to plead not guilty and seek representation. The court placed the case for jury selection on May 20, 1994. At the scheduled time, the appellee appeared without counsel and, as a result, the Public Defender's Office was assigned to the case that same day, with jury selection following on the heels of the appointment.[3]

Also, with the case scheduled for trial on Tuesday, May 24th of 1994, the court ordered the Commonwealth to make its entire file available to defense counsel by 10:00 a.m. on Monday, May 23rd, or sooner. Prior to the commencement of the May 24th trial, defense counsel made a motion to suppress a statement of one Jolene Edwards received from the Commonwealth dated May 23rd. The substance of the statement concerned the appellee being observed by Ms. Edwards (a clerk in the retail store) looking over his shoulder toward the checkout counter as he walked out of the store and answering "no" when asked by Ms. Edwards if he had anything under his

---

2. This was the appellee's third retail theft making it a felony of the third degree.

3. Appointment was made by the court at 3:45 p.m. on the 20th day of May, 1994, with jury selection completed by 4:20 p.m.

jacket.[4]  It was counsel's contention that the shortness of time between his appointment and trial precluded the filing of a Bill of Particulars.  Moreover, because Ms. Edwards' statement was presented by the Commonwealth less than 24 hours before trial, a violation of the court's order directing production of all information by 10:00 a.m. of May 23rd had occurred and warranted suppression of the statement.

The Commonwealth countered that everything it had on file was released to the appellee on Friday, May 20th.  However, with an interview of a store clerk (Ms. Tracy Smeal) scheduled for Saturday at 4:00 p.m., the disclosure of the name of Jolene Edwards by Smeal led the police to question Ms. Edwards on Sunday, May 22nd.  On Monday, the 23rd, Detective Keeler typed his report of the Edwards interview.  In turn, Commonwealth's counsel dictated a letter to defense counsel, with the Keeler report enclosed, and had the information hand-delivered to appellee's counsel.

Counsel for the Commonwealth argued that it acted as expeditiously as possible in providing defense counsel with whatever information it had in the case.  Further, the Commonwealth indicated it would not oppose a continuance if sought by the defense.

However, the court was of the opinion that the Commonwealth had ample opportunity to prepare its case (between jury selection and trial) prior to the weekend before trial.  As a result, the court granted the appellee's motion to suppress Ms. Edwards' statement and precluded her testimony from introduction at trial.  This prompted the Commonwealth to advise the court that it was appealing the ruling because it "c[ould] not proceed to trial without this evidence, it [wa]s necessary evidence to proceed with trial. . . . "  Upon hearing that the case was not going to trial that day, the court entered an order "dismissing" the retail theft charge against the

4.  It was appellee's counsel's position that the statement of events related specifically to the appellee's intent, i.e., whether he intended to deprive the store of the merchandise, and showed consciousness of guilt, which related specifically to the defense to be offered.

appellee. This appeal followed and challenges the order (suppressing and dismissing the case) by the court below.

■ The resolution of the order appealed is governed by Pa.R.Crim.P. 305 and the case law interpreting it; *viz.:*

**B. Disclosure by the Commonwealth**

(1) Mandatory: In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth;

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, which is in the possession or control of the attorney for the Commonwealth;

(c) the defendant's prior criminal record;

(d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

(e) results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth;

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence;

(g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

(2) Discretionary with the Court: In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable.

(a) the names and addresses of eyewitnesses;

(b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

(c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;

(d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

From a reading of Rule 305, one learns that Ms. Edwards' identity and statement to police were not *mandatory* but discretionary subjections of disclosure, and it was within the trial court's discretion whether to require disclosure of such information. *Commonwealth v. Novasak*, 414 Pa.Super. 21, 606 A.2d 477, 482 (1992).

With respect to violations of Rule 305, this Court has remarked that a trial court has broad discretion in choosing an appropriate remedy. See *Commonwealth v. Palmer*, 319 Pa.Super. 56, 465 A.2d 1050, 1052 (1983). Further, Pa. R.Crim.P. 305 E provides:

If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may

enter such other order as it deems just under the circumstances.

In *Commonwealth v. Johnson*, 310 Pa.Super. 385, 456 A.2d 988, 993 (1983), this Court wrote:

Pa.R.Crim.P. 305 E gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements. In many cases, ordering a continuance will be an adequate remedy. This will be so where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise. *E.g., Commonwealth v. Parente*, 294 Pa.Superior Ct. 446, 440 A.2d 549 (1982); *Commonwealth v. Bey*, 294 Pa.Superior Ct. 229, 439 A.2d 1175 (1982).

Additionally, we have held that termination of the prosecution to be "a penalty far too drastic" for a prosecutor's violation of discovery rules. *Commonwealth v. Gordon*, 364 Pa.Super. 521, 528 A.2d 631, 641 (1987).

Albeit the trial court did not dismiss the charge of retail theft for the Commonwealth's tardiness in disclosing Ms. Edwards' statement to the defense, its equivalent was accomplished when the Commonwealth declined to proceed to trial without Ms. Edwards' statement and suffered a dismissal of the charge in failing to prosecute prior to resolution of the suppression issue on appeal.

Under *Dugger*, infra, our Supreme Court held specifically that the prosecution, upon a good faith certification that a suppression order substantially handicapped or terminated its case against a defendant, was entitled to appeal the order as a final one as a matter of right. This was predicated upon the Court's general supervisory and administrative authority, as well as its authority to adopt procedural rules. To require the Commonwealth to pursue its case to trial (without evidence considered "relevant" and having the propriety of its exclusion by a suppression order resolved) would be "to deny the Commonwealth its only opportunity of securing an appellate review to determine whether the evidence was properly suppressed[, the result of which wa]s highly unfair to the Com-

monwealth and the interests of society which it represents."
*Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382, 386
(1985), quoting *Commonwealth v. Bosurgi,* 411 Pa. 56, 63, 190
A.2d 304, 308 (1963). We will not allow that to occur instantly.

The failure of the prosecution to comply fully with the
discovery order was not demonstrated by the appellee to
prejudice his right to a fair trial. See *Commonwealth v.
Manchas,* 430 Pa.Super. 63, 633 A.2d 618, 626 (1993). Thus,
the drastic remedy of dismissing the retail theft charge for the
refusal of the Commonwealth to proceed before testing the
propriety of the suppression order resulted in the trial court
abusing its discretion (see *Novasak,* supra) and violated *Dug-
ger's* allowance of such a right of review in advance of prosecu-
tion.

Therefore, the dismissal of the prosecution was not a reme-
dy consistent with the wrong committed by the Common-
wealth. It is conceivable, of course, that a violation may be so
egregious as to recommend an order dismissing all charges.
Such an order, however, was not warranted under the circum-
stances present in this case. A continuance, if necessary and
requested, would have been more appropriate. See *Common-
wealth v. Woodell,* 344 Pa.Super. 487, 496 A.2d 1210, 1213
(1985) (Collecting cases). Surely, a short delay to allow
defense counsel to review the rather straight-forward state-
ment of Ms. Edwards would have remedied any Rule 305
violation.[5] Consequently, for the reasons herein stated, the
order of court suppressing evidence and dismissing the retail
theft charge against the appellee is reversed.

Order reversed.

[5]. It is to be noted that even the trial court stated, following the
appointment of counsel and the selection of the jury immediately
thereafter, the case was "so easy to try that even the assignment of
counsel five minutes before the swearing of the jury would not work to
the Defendant's disadvantage or prejudice." N.T. 5/20/94 at 21.