## Commonwealth v. Rhodes

180

*Diane M. Shaffer, assistant district attorney,* for Commonwealth.

*Stanley T. Booker,* for defendant.

HODGE, *J.,* July 20, 2010—In the instant matter Ericka Rhodes, defendant, has filed a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b) which alleges that the trial court committed the following errors: (1) the trial court erred as a matter of law in allowing the jury to determine the question of whether there was a lawful arrest of the defendant; (2) the trial court erred in allowing the Commonwealth to amend the charge of criminal mischief; (3) the trial court erred in allowing the Commonwealth to present an additional witness, Mr. Phil Fava; and (4) the trial court erred in sentencing the defendant pursuant to aggravated guidelines.

The facts of this case can be properly summarized by the following: On May 23, 2009, the New Castle Police Department was directed by the Northwest Regional Police to assist in locating a red Dodge that was believed to be located in the vicinity of Court Street, New Castle, Pennsylvania. Officer Justin Houk spotted the red Dodge within that area and followed the vehicle until it pulled over at 709 Countyline Street. Officer Quahliero was also in the area; he arrived at 709 Countyline Street within moments.

Four passengers were seated in the Dodge, including the defendant, Ericka Rhodes, who was in the front passenger seat. Other individuals in the Dodge included a female driver, the defendant's 14-year-old brother and the defendant's infant, both positioned in the back seat. Before either officer had an opportunity to approach the vehicle, Defendant exited the Dodge and headed toward the police vehicles. Officer Houk instructed the defendant to get back into the Dodge; defendant physically com-

plied, although she was verbally defiant throughout the process. Officer Quahliero spoke with two women in the front seat of the Dodge and then instructed the defendant to exit the vehicle; after Officer Quahliero identified her, he told the defendant to sit on a nearby curb.

While the defendant was seated on the curb, Officer Houk had to inform her several times to remain quiet. Shortly thereafter, Officer Quahliero instructed Officer Houk to place the defendant under arrest for charges that are not put before the court at this time. As Officer Houk moved toward the defendant to place her under arrest, the defendant began arguing and threw a wallet and cell phone at Officer Houk. Officer Houk was physically struck by these items. The defendant continued to fight with both of the officers to the degree that they had to take her to the ground so that an arrest could be effectuated. The defendant was then placed into custody and seated in the back of a New Castle patrol car. The defendant kicked out the window of the patrol car, shattering the glass and causing it to disperse over the area; she subsequently leaned out of the window and spit on Officer Quahliero. The defendant was later taken to the New Castle Police Department.

New Castle police charged the defendant with one count of assault by prisoner (18 Pa.C.S. §2703(A)), one count of resisting arrest (18 Pa.C.S. §5104), and one count of criminal mischief (18 Pa.C.S. §3304(A)(5)). The charges were later reduced by the district attorney to include only one count of resisting arrest (18 Pa.C.S. §5104), and one count of criminal mischief (18 Pa.C.S. §3304(A)(5)). The defendant was tried by a jury on March 18, 2010 and found guilty of resisting arrest and

criminal mischief. Sentencing took place on April 29, 2010. Defendant subsequently filed a timely appeal.

Defendant first contends that this court erred in allowing a jury to determine whether or not the police made a lawful arrest on the afternoon of May 23, 2009. The court interprets defendant's first error complained of to contend that there was insufficient evidence to allow a jury to make a determination of whether or not the defendant could be found guilty of resisting arrest. A review of the record indicates that this issue was not timely presented in pretrial motions nor was it presented in the course of the trial. As such defendant is precluded from asserting the issue on appeal. Pa.R.A.P. 302(a); See *e.g., Commonwealth v. Harper,* 292 Pa. Super. 192, 436 A.2d 1217 (1981).

Defendant next suggests that the Commonwealth was improperly allowed to amend the charge of criminal mischief. A review of the record indicates that no such amendment was made, and defendant's complaint is therefore without warrant. However, this court would like to take note of Pa.R.C.P. 109, which states that:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court ease, and the defect is prejudicial to the rights of the defendant."

If a defendant does not raise a defect at the summary trial or before the conclusion of the preliminary hearing,

the defendant cannot thereafter raise the defect as grounds for dismissal or discharge at a later stage in the proceedings. See *Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973).

The defendant further claims that the court erred in permitting Phil Fava to testify on behalf of the Commonwealth because the Commonwealth did not disclose his identity at any time prior to Mr. Fava being called to testify.

Pretrial discovery is governed by Pa.R.Crim.P. 573, which provides the court with the discretion to order the Commonwealth, upon motion by the defendant, to allow defense counsel to review items that are material to the preparation of a defense including the names and addresses of witnesses. Pa.R.Crim.P. 573 (D) states:

*"(D) Continuing Duty to Disclose.* If, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, or the identity of an additional witness or witnesses, such party shall promptly notify the opposing party or the court of the additional evidence, material or witness."

This rule also establishes a remedy for any failure to timely provide discovery items in Pa.R.Crim.P. 573(E), which states:

*"(E) Remedy.* If at any time during the course of proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may

grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such order as it deems just under the circumstances."

Pennsylvania courts have addressed similar circumstances regarding untimely disclosure of witnesses. It is apparent that a trial court has broad discretion over the appropriate sanction to remedy a violation of Pa.R.Crim.P. 573. *Commonwealth v. Gordon,* 364 Pa. Super. 521, 540, 528 A.2d 631, 641 (1987). In *Gordon,* the Commonwealth failed to disclose the existence of a police report in response to a pretrial request. The court ruled that the trial court properly granted a recess and permitted the appellant to review the report, which allowed the appellant to make favorable use of the same. *Id.* (citing: *Commonwealth v. Grimm,* 249 Pa. Super. 441, 378 A.2d 377 (1977); *Commonwealth v. Rines,* 247 Pa. Super. 429, 372 A.2d 901 (1977); *Commonwealth v. Cooper,* 240 Pa. Super. 477, 362 A.2d 1041 (1976)).

Furthermore, the trial court in *Commonwealth v. Jones,* 542 Pa. 464, 668 A.2d 491 (1995), properly permitted the testimony of the Commonwealth's witness where the Commonwealth failed to disclose the witness' identity prior to trial because the appellant failed to request a continuance, when the witness was called, to thoroughly cross-examine him. Conversley, in *Commonwealth v. Crossley,* 439 Pa. Super. 342, 653 A.2d 1288 (1995), the trial court abused its discretion by suppressing the testimony of a witness who was untimely disclosed by the Commonwealth where the exclusion of the testimony caused the Commonwealth to dismiss the charges against the defendant.

In the case at hand, the Commonwealth failed to provide the name of Mr. Fava, prior to taking the stand. Defense counsel objected to Mr. Fava testifying due to the untimely disclosure on the part of the Commonwealth. The defense counsel did not however, move for a recess or request the court to grant the defendant a continuance so that they could properly prepare to cross-examine Mr. Fava. As such the court allowed the Commonwealth to call Mr. Fava to testify. The circumstances in this case greatly parallel those put before the court in *Crossely, supra,* where the trial court was affirmed in its decision to allow the Commonwealth's witness to testify.

As such, this court proceeded to make an inquiry as to whether any of the selected jurors knew Mr. Fava; one juror did inform the court that he did know Mr. Fava. (N.T. pp. 135-36.) The court did allow the trial to proceed based upon the well established rule that:

"The test for determining whether a prospective juror should be disqualified is whether he . . . is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor . . . . It must be determined whether any biases or prejudices can be put aside on proper instruction of the court . . . . A challenge for cause should be granted when the prospective juror has such a close relationship, familial, financial, or situational, with the parties, counsel, victims, or witnesses that the court will presume a likelihood of prejudice or demonstrates a likelihood of prejudice by his or her conduct and answers to questions

. . . . The decision on whether to disqualify is within the . . . discretion of the trial court and will not be reversed in the absence of a palpable abuse of discretion . . . ." *Commonwealth v. Colson,* 507 Pa. 440, 454, 490 A.2d 811, 818 (1985). (citations omitted)

The one juror who did inform the court that Mr. Fava was an old friend of his, further stated that they had not spoken to each other in years. (N.T. p. 136.) The court made a further inquiry as to whether this relationship would affect his ability to be a fair and impartial juror. The juror replied that it would not. As such, the court allowed the Commonwealth to proceed, and Mr. Fava testified. *Id.*

The court did not commit an abuse of discretion in allowing Mr. Fava to testify. The trial court, which observed the juror's demeanor and evaluated his response, was in the best position to assess the credibility of his statement that he could remain fair and impartial. The court found the juror's statements to be truthful and genuine; the court's decision to allow Mr. Fava to testify was proper, any allegation to the contrary is unjustified.

Defendant's remaining issue questions the legality of the sentence imposed by the court. Defendant contends that the court erroneously applied the sentencing guidelines when imposing her sentence.

Sentencing is a matter vested in the sound discretion of the trial court, and a sentence will not be disturbed absent an abuse of discretion. *Commonwealth v. Eicher,* 413 Pa. Super. 235, 605 A.2d 337 (1992). Pennsylvania's Supreme Court has explained that sentencing guidelines

serve as an "advisory guidepost" to provide a starting point from which to consider an appropriate sentence. *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). However, such guidelines "create no presumption" and "do not predominate over other sentencing factors . . . ." *Id.* at 570, 926 A.2d at 964-65. The sentencing guidelines, therefore, recommend, but do not require a particular sentence. *Id.*

A review of the record indicates that this court properly applied the sentencing guidelines and considered all appropriate factors which had some bearing on the defendant's sentence. Specifically, the court considered the defendant's lack of a prior record, her current employment and her dedication to raise her two young stepsons. These factors were balanced against several other aggravating factors: (1) that the defendant escalated a situation involving several police officers, which should have otherwise been concluded without incident; (2) her insistence upon challenging the direction of law enforcement officers in their attempt to resolve the situation which led to the charges against the defendant; and (3) the defendant's intentional act of kicking out a rear window on a police cruiser.

The court, by evaluating these various factors, properly imposed the defendant's sentence of one year probation, restitution in the amount of $517.67, and other standard costs of prosecution and probation for the charge of criminal mischief. The court further sentenced the defendant to two years probation with the first two months served under house arrest, for the charge of resisting arrest. The sentence imposed was well within the

statutory guidelines, and the court's implication thereof was appropriate.

---

ORDER

And now, July 20, 2010, an appeal having been filed in the above captioned ease by the defendant, Ericka Rhodes, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(a). The clerk of courts of Lawrence County is directed to immediately assemble the record and transmit said record to the Superior Court of Pennsylvania as required by the applicable rules of appellate procedure.

The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Stanley T. Booker, Esquire.