J-S57026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TYREEK JORDAN | |
| Appellee | No. 175 EDA 2014 |

Appeal from the Order Dated December 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010031-2013

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 10, 2014**

The Commonwealth appeals from the December 13, 2013 order prohibiting it from introducing certain evidence at trial as a discovery sanction.  After careful review, we affirm.[1]

The trial court summarized the relevant factual and procedural history of this case as follows.

> On July 20, 2012, [Appellee] was arrested and charged with one (1) count [of] Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver (35 [P.S.] § 780-113(a)(30)); one count [of] Intentional Possession [of a] Controlled Substance By Person Not Registered (35 [P.S.] § 780-113(a)(16)); and one count [of] Use or Possession of

---

[1] The Commonwealth has averred, pursuant to Pa.R.A.P. 311(d), that the trial court's order would terminate or substantially handicap its prosecution. Therefore, we have jurisdiction to address the Commonwealth's interlocutory appeal.

Drug Paraphernalia (35 [P.S.] § 780-113(a)(32)). All charges were held for court at a [p]reliminary [h]earing on August 6, 2013. On September 26, 2013, the case was continued because discovery was incomplete; specifically, the Commonwealth failed to provide a copy of the relevant search warrant. The Commonwealth still had not provided the warrant as of December 13, 2013. On that date, th[e trial c]ourt, in light of the Commonwealth's failure to pass the warrant, ordered all evidence suppressed.

Trial Court Opinion, 3/18/14, at 1. On January 13, 2014, the Commonwealth filed a timely notice of appeal.[2]

On appeal, the Commonwealth raises one issue for our review.

[1.] Did the [trial] court erred [sic] in suppressing all of the evidence against [Appellee] where no suppression motion was filed, no suppression hearing was held, and no basis for suppressing the evidence appears on the record?

Commonwealth's Brief at 4.

We begin by noting our well-settled standard of review. This Court has noted that "decisions involving discovery in criminal cases lie within the discretion of the trial court." ***Commonwealth v. Smith***, 955 A.2d 391, 394

---

[2] We observe that the 30th day fell on Sunday, January 12, 2014. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for the Commonwealth to file a timely notice of appeal was on Monday, January 13, 2014. As a result, we deem the Commonwealth's appeal timely filed.

Contemporaneously with its notice of appeal, the Commonwealth filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), even though the trial court did not order it to do so. The trial court filed its Rule 1925(a) opinion on March 18, 2014.

(Pa. Super. 2008) (citation omitted). "Generally, on review of an order granting or denying a discovery request, an appellate court applies an abuse of discretion standard." ***Commonwealth v. Mendez***, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014).

The Commonwealth characterizes the trial court's order as one of suppressing illegally obtained evidence. Commonwealth's Brief at 8. The Commonwealth's one paragraph of argument in its opening brief states that the trial court erred in "suppressing evidence" because Appellee did not file a suppression motion, the trial court did not have a suppression hearing, and "the [trial] court made no findings of fact and conclusions of law." Commonwealth's Brief at 8, *citing* ***Commonwealth v. Micklos***, 672 A.2d 796, 804 (Pa. Super. 1996) (*en banc*) (concerning suppression of evidence obtained in violation of defendant's Fourth Amendment rights), *appeal denied*, 686 A.2d 1309 (Pa. 1996); ***see also*** Pa.R.Crim.P. 581(A) (stating, "[t]he defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights[]"). Appellee counters that the trial court's order was a discovery sanction and the correct standard of review is whether the trial court abused its discretion in ordering a remedy. Appellee's Brief at 9. In its opinion, the trial court agrees with the Commonwealth that it was required to hold a traditional suppression hearing

before entering its order and erred by failing to do so. Trial Court Opinion, 3/18/14, at 2.

The record reveals the circumstances culminating in the trial court's order. On September 26, 2013, both parties appeared before the trial court for a status hearing. During this hearing, without further detail, Appellee told the trial court "the Commonwealth has not been diligent. I do not have complete discovery." N.T., 9/26/13, at 3. The trial court ordered the next status hearing to be November 14, 2013. *Id.* at 4.

At the November 14, 2013 status hearing, the following exchange took place between the trial court and defense counsel.

> [Defense Counsel]: ... Your Honor, we are here at the last listing -- this is a second listing. This is a case where the police came in with a warrant. What **I asked for in discovery was that -- they were looking for my client's brother, and so I need the information for the client's brother to see if that warrant was valid to go into that house. I haven't gotten any of it.** That's what we talked about at the last listing.
>
> [Trial Court]: How many times has this case been here?
>
> [Defense Counsel]: This is the second time back. I think it's the second time back. And I sent [the Commonwealth] an email reminding [it] about it, but I don't know if [it has] the discovery or not.
>
> ...
>
> [Trial Court]: But [the Commonwealth] didn't pass information on, so --

[Defense Counsel]: It's up to the Court. It's a big offer. I mean, I think the offer is five to ten. I don't know that my client is going to take that.

[Trial Court]: Right.

[Defense Counsel]: I need that discovery to know whether it's a motion or a plea.

[Trial Court]: Okay.

…

[Trial Court]: And I'm going to order -- **I'm going to suppress the evidence in the case, anything that was seized in the house, if [the Commonwealth doesn't] turn over the discovery to you.**

Status this. Okay. 12/13.

[Court Clerk]: Number?

[Trial Court]: Number Nine; on bail; 12/13. **If discovery is not passed, all evidence gained from the entry will be seized [sic]. Discovery must be turned over by 12/13.**

N.T., 11/14/13, at 3-5 (emphases added). Despite being informed on September 26 that the next status hearing would be on November 14, the Commonwealth failed to appear and the record does not explain its absence.

As ordered by the trial court, the next status hearing was on December 13, 2013, where both parties appeared before the trial court.[3]

_____

[3] We note that the December 13, 2013 transcript is not contained within the certified record. As the appellant in this case, it is the Commonwealth's sole responsibility to ensure that the certified record contains all materials
*(Footnote Continued Next Page)*

[Defense Counsel]: Your Honor, if the court pleases, at the last listing I let the Court know that while I had the regular discovery **I had asked the [Commonwealth] for additional discovery**.

The allegations [sic] that they hit the house with a warrant, looking for my client's brother, they found a [sic] some gram inside the house. I asked the [Commonwealth] to provide me with the warrant and all of the information why they thought they could find his brother at [Appellee's] house. **The Court ordered that if the [Commonwealth] did not provide it to me before today, the court would not allow any information in, the matter would be discharged, and I don't have it**.

[Trial Court]: Commonwealth, any information?

[Commonwealth]: I don't have any information on the arrest warrant that he is asking for regarding the brother.

[Trial Court]: All of the evidence is suppressed. Listed for trial here, Friday, January 17th, 2014.

[Defense Counsel]: Okay, Judge. May I be excused?

[Trial Court]: Yes.

All of the evidence is suppressed.

_____
(Footnote Continued)

necessary for this Court to conduct meaningful appellate review. **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (stating, "[i]t is the responsibility of an appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty[]") (citation omitted), appeal denied, 76 A.3d 538 (Pa. 2013). However, since a copy of the same transcript is in the Commonwealth's reproduced record, we decline to find waiver on this basis.

[Commonwealth]: Just for the record, is it your position that we would not be able to even call a witness or present anything? Are you setting it for a trial date?

[Trial Court]: Yes.

[Commonwealth]: What would be the purpose of the trial so I can mark the file --

[Trial Court]: **Well, I had problems in Superior Court in discharging cases for the Commonwealth failing to provide discovery. I have been approved that I can suppress the evidence**, but I still must allow the Commonwealth the opportunity to go to trial. I cannot take that away from the Commonwealth. So I must give you the opportunity to go to trial.

[Commonwealth]: Will it be a 30 day appeal date on the suppression of the evidence?

[Trial Court]: Excuse me?

[Commonwealth]: Can we have a 30 day appeal date on the suppression of the evidence?

[Trial Court]: Yes. I kicked it out to -- I gave you 34 days. I gave you four extra days to take your appeal to [S]uperior [C]ourt that **I have suppressed the evidence because I [sic] order have [sic] been violated in that defense counsel was not given the discovery which I ordered two months ago, therefore, I am suppressing that evidence.** I have not denied you the right to go to trial. And I have given you a trial date.

N.T., 12/13/13, at 3-5 (emphases added).

After careful review, we conclude the Commonwealth's characterization of the trial court's order is belied by the record. As

- 7 -

highlighted above, the record is replete with references to the Commonwealth's failure to provide complete discovery to Appellee. *See* N.T., 9/26/13, at 3; N.T., 11/14/13, at 3, 4-5; N.T., 12/13/13, at 3-5. At the December 13, 2013 status hearing, the Commonwealth even asked for clarification of the trial court's decision, and the trial court again stated it "suppressed the evidence because I [sic] order have [sic] been violated in that defense counsel was not given the discovery which I ordered two months ago." N.T., 12/13/13, at 5. In our view, it is abundantly clear that the trial court's order is a discovery sanction.

Although the trial court used the word "suppress" at the hearings, it does not alter the characterization of the trial court's order, as this is a discovery sanction available to the trial court. *See* Pa.R.Crim.P. 573(E) (stating, "[i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court … may **prohibit such party from introducing evidence** not disclosed … []") (emphasis added); ***Commonwealth v. Crossley***, 653 A.2d 1288, 1291 (Pa. Super. 1995) (characterizing a trial court's order decision as when a witness's "statement was presented by the Commonwealth less than 24 hours before trial, a violation of the court's order directing production of all information by 10:00 a.m. of [the day before trial] had occurred and warranted **suppression** of the statement[]") (emphasis added); ***Commonwealth v. Melendez***, 474 A.2d 617, 623 (Pa. Super. 1984)

(stating, "[w]e do not condone violation of the discovery rules … [h]owever, since appellant merely asked for **suppression of the statement**, and since the prosecutor did not pursue the matter nor admit the statement into evidence … we hesitate to find an abuse of discretion[]") (emphasis added). Based on these considerations, we reject the Commonwealth's argument that the trial court was required to have before it a motion to suppress evidence, to conduct a suppression hearing pursuant to Rule 581(E), and to make findings of fact and conclusions of law pursuant to Rule 581(I).

In its reply brief, the Commonwealth argues that if this Court characterizes the trial court's order as a discovery sanction, it was nevertheless an abuse of discretion, as "there was no blatant misconduct[]" in this case. Commonwealth's Reply Brief at 5. Before we may address the merits of this argument, we must first ascertain whether it has been preserved for our review.

Pennsylvania Rule of Appellate Procedure 1925(b) by its text requires that statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. *Id.* at 1925(b)(4)(vii). Our Supreme Court has held that Rule 1925 is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Furthermore, this Court has explained that even if the trial court does not order that a Rule 1925(b) statement be filed,

if the appellant chooses to file one, any issue not raised therein is deemed waived. **Commonwealth v. Snyder**, 870 A.2d 336, 341 (Pa. Super. 2005) (concluding, "[i]f we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule[]"); **accord Commonwealth v. Nobles**, 941 A.2d 50, 52 (Pa. Super. 2008) (finding one of the Commonwealth's issues on appeal waived for not being raised in its Rule 1925(b) statement and declining to "encourage 'sand bagging' by counsel if they are allowed to quickly file a Rule 1925(b) statement and then claim that nothing is waived because the Rule 1925(b) statement was not in response to a formal request" from the trial court); **but see Commonwealth v. Antidormi**, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) (concluding, without citation to our prior cases, that "[b]ecause the trial court did not order the filing of a Rule 1925(b) statement, we will not conduct a waiver inquiry … [as t]he requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement[]"), *appeal denied*, 95 A.3d 275 (Pa. 2014).

In the case *sub judice*, the Commonwealth's Rule 1925(b) statement raised the following single issue.

> Did the [trial] court err in suppressing all evidence where the docket fails to reflect that a suppression motion was filed, no suppression hearing was held, and no basis for suppression appears on the record?

Commonwealth's Rule 1925(b) Statement, 1/13/14, at 1. As we have explained above, the record plainly reveals the trial court's decision was a discovery sanction. *See* N.T., 9/26/13, at 3; N.T., 11/14/13, at 3, 4-5; N.T., 12/13/13, at 3-5. Therefore, Appellee was not required to file a motion to suppress under Rule 581(A), the trial court was not required to conduct a suppression hearing under Rule 581(E), nor was the trial court required to make findings of fact and conclusions of law pursuant to Rule 581(I). The Commonwealth's argument in its reply brief is beyond the scope of the single issue contained in its Rule 1925(b) statement. As a result, this line of argument is waived. *See Hill*, *supra*; *Nobles*, *supra*; *Snyder*, *supra*. We therefore express no opinion as to whether this discovery sanction constituted an abuse of discretion.

Based on the foregoing, we conclude the Commonwealth's argument in its opening brief is devoid of merit, and its argument in its reply brief is waived as beyond the scope of the Commonwealth's Rule 1925(b) statement. Accordingly, the trial court's December 13, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/10/2014</u>