J-A30010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DARNELL GRAHAM | |
| Appellee | No. 1304 EDA 2013 |

Appeal from the Order Entered April 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012933-2012

BEFORE: MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JANUARY 08, 2016**

The Commonwealth appeals from the April 4, 2013 order granting Appellee, Darnell Graham's motion *in limine* precluding the Commonwealth from presenting fingerprint evidence after its failure to comply with a discovery deadline.[1] After careful review, we reverse and remand for further proceedings.

The relevant procedural history of this case has been summarized by the trial court, as follows.

> On February 13, 2013, defense counsel requested a continuance for further investigation,

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has certified that the preclusion of the fingerprint evidence will substantially handicap or terminate its prosecution. Pa.R.A.P. 311(d).

and requested discovery from the Commonwealth's fingerprint testing results from the scene of the crime. The [trial c]ourt ordered the Commonwealth to provide mandatory fingerprint discovery to [Appellee], and ruled the next trial listing as "must be tried both." At the next trial listing, on April 4, 2013, [d]efense counsel raised a [m]otion in [l]imine to preclude fingerprint evidence and the testimony of any expert witness who would testify based on their review of any fingerprint evidence discovered at the scene of the crime.

Defense counsel asserted he did not receive any fingerprint discovery from the Commonwealth until the day before trial, April 3, 2013, at 4:24 p.m. Defense counsel received discovery in the form of a twenty (20) page facsimile, containing some of the finger print [sic] evidence. The facsimile contained four print cards of fingerprints, though the Commonwealth lifted ten print cards at the scene. The four fingerprints defense counsel received were matched by the Commonwealth to the [Appellee], and the six other fingerprints were not. The print cards contained in the facsimile were not of sufficient quality to be examined by an expert witness for [Appellee]. At the bar of the court, the Commonwealth passed higher quality print cards to defense counsel for the four prints contained in the facsimile. The Commonwealth's case contained no eye witnesses or physical evidence, beyond the fingerprints. The fingerprint report was generated on April 10, 2012, almost exactly one year prior to the Commonwealth passing the discovery to defense counsel.

The Commonwealth asserted the fingerprints were not requested until February 13, 2013. The Commonwealth asserted they requested the evidence from the crime lab via fax on February 15, 2013, but didn't receive a response because the fax went to the wrong person. The Commonwealth requested the fingerprints again on March 20, 2013.

Trial Court Opinion, 2/5/15, at 1-2 (citations omitted). On May 1, 2013, the

Commonwealth filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issue for our review.

> Did the [trial] court abuse its discretion by barring the Commonwealth from presenting fingerprint evidence, which was essential to its case, as a sanction for purportedly failing to meet a discovery deadline?

Commonwealth's Brief at 4.

We are guided by the following standard of review.

> In evaluating the denial or grant of a motion *in limine,* our standard of review is well-settled. When ruling on a trial court's decision to grant or deny a motion *in limine,* we apply an evidentiary abuse of discretion standard of review. A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. If the evidentiary question is purely one of law, our review is plenary.

*Commonwealth v. Belani*, 101 A.3d 1156, 1160 (Pa. Super. 2014)

(citations omitted).

---

[2] The Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. We note, the trial court did not complete its opinion until February 5, 2015; therefore, the record in this matter was not transmitted to this Court until that date. The record does not explain the almost two-year delay from the date the notice of appeal was filed until the trial court opinion was filed.

Further, Pennsylvania Rule of Criminal Procedure 573(B)(1)(f) provides that the Commonwealth must turn over fingerprint evidence. Pa.R.Crim.P. 573(B)(1)(f). Rule 573(E) provides the following sanctions for the failure to do so.

> **(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).

Additionally, regarding a sanction dismissing charges or precluding admission of evidence that functionally will terminate or substantially handicap the prosecution, we have held as follows.

> Although not expressly included in the list of remedies [of Rule 573E], a trial court does have the discretion to dismiss the charges, but only for the most extreme and egregious violations. *Commonwealth v. Burke*, 781 A.2d 1136, 1144 ([Pa.] 2001) (quoting *Commonwealth v. Shaffer*, 712 A.2d 749, 752 ([Pa.] 1998)) ("... the sanction of dismissal of charges should be utilized in only the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed."); [*Commonwealth v.*] *Smith*, 955 A.2d [391,] at 395 [(Pa. Super. 2008)].

> While the trial court did not explicitly dismiss any of the charges against the defendants, the Commonwealth certified, in good faith, that the trial court's order precluding the testimony of the 34 witnesses "will terminate or substantially handicap the prosecution" pursuant to Pa.R.A.P. 311(d). This certification is "not contestable." *Commonwealth v. Boczkowski*, 846 A.2d 75, 87 ([Pa.] 2004); *see also Smith*, [*supra*] at 394 ("Although the trial court did not dismiss the charges [...] its equivalent was accomplished when the Commonwealth declined to proceed to trial without the testimony of the officers and suffered a dismissal of the charges as a result of failing to prosecute prior to the resolution of the issue on appeal.").

*Commonwealth v. Hemingway*, 13 A.3d 491, 502 (Pa. Super. 2011) (some citations and parallel citations omitted). In *Hemingway*, this Court concluded, "[b]ased upon the specific facts of this case and the rationale behind the February 27 order, we are constrained to agree with the Commonwealth that this sanction yielded too extreme a result." *Id.*

Instantly, the Commonwealth argues that its "production of the evidence [Appellee] requested, prior to trial, complied with the [trial] court's order." Commonwealth's Brief at 12. Further, the Commonwealth notes, "even assuming there were [sic] a violation, the [trial] court's ruling was contrary to controlling precedent, which has held that terminating a prosecution is 'far too drastic' a sanction for a discovery violation … absen[t] of both deliberate, bad faith misconduct and prejudice to the defense." *Id.* Appellee counters that the trial court's February 13, 2013 discovery order

stated that the case must be tried on April 4, 2013, and therefore, a continuance would be a violation of that order. Appellee's Brief at 12.

At the April 4, 2013 hearing, the Commonwealth testified as follows.

> There was on 2/13, they were requested. They were ordered on 2/15. On the date 2/15, we FAXed over a request for the latent print cards from this case. And Your Honor, I did not receive any back. On 3/20, I called them and found out they never received the FAX, it was sent to the wrong person, which was an error by our office.
>
> Your Honor[,] on 3/20, I sent over another FAX. Once I didn't receive it, I called them again and on, I believe it was two days ago, stated they were going to hand deliver them to my office and drop them off. I went and I grabbed them and FAX[ed] them over to the PD Office. Your Honor, I understand it is extremely late and a violation of your order; however, it was a mistake. [The Commonwealth] was diligent in attempting to get them; however, a mistake was made, Your Honor, that's why they were not here earlier.

N.T., 4/4/13, at 6-7.

Herein, we are guided by **Hemingway** and past precedent of this Court holding that the equivalent of dismissal of charges is too drastic a result proportional to the Commonwealth's transgression. Prior to granting Appellee's motion, the trial court acknowledged that following the February 13, 2013 order, the Commonwealth made a timely request on February 15, 2013. **See** N.T., 4/4/13, at 9 (the trial court stated "Well, I don't think what you're telling me isn't true. I'm looking, you did make a request on February 15th. Okay. I think that was diligent[]"). The trial court went on

to note 30 days passed before the second request, and that the cards were not provided to the Commonwealth until two days prior to trial, and to Appellee on the eve of trial. *Id.* at 9-10. On this basis the trial court granted Appellee's motion *in limine* and excluded the fingerprint evidence for failure to comply with the February 13, 2013 order. *Id.* at 11.

Upon careful review, we conclude the trial court's grant of Appellee's motion *in limine* was an abuse of discretion. *See Commonwealth v. A.G.*, 955 A.2d 1022, 1025 (Pa. Super. 2008) (reversing an order granting the appellee's motion *in limine* and holding that absent a "showing of any egregious actions by the Commonwealth or any prejudice to the defense … the extremely short time frame for the discovery, it is understandable that there could be difficulties complying with the discovery order[]"); *see also Commonwealth v. Crossley*, 653 A.2d 1288, 1292 (Pa. Super. 1995) (holding, "the dismissal of the prosecution was not a remedy consistent with the wrong committed by the Commonwealth. … A continuance, if necessary and requested, would have been more appropriate[]"). Instantly, it is undisputed that the Commonwealth did not comply with the trial court's discovery order until the day before the April 4, 2013 hearing. We agree with the Commonwealth's concession that a mistake was made and the discovery was less than timely, however, a continuance would have given the defense the opportunity to have the fingerprint cards reviewed by its

expert witness without the drastic result of termination of the prosecution. ***See id.***

Based on the foregoing, we conclude the trial court abused its discretion in granting Appellee's motion *in limine* to exclude the fingerprint evidence. ***See Belani***, ***supra***. Therefore, we reverse the trial court's April 4, 2013 order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2016